**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Sidney Woodbury and*
*[Proposed] Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI KRISHNAMOORTHY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SEMLER SCIENTIFIC, INC., DOUGLAS MURPHY-CHUTORIAN, ANDREW B. WEINSTEIN, and RENAE CORMIER, <br><br> Defendants. | Case No. 5:25-CV-07303-PCP <br><br> **MEMORANDUM OF LAW OF SIDNEY WOODBURY IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION** <br><br> <u>CLASS ACTION</u> <br><br> Judge: P. Casey Pitts <br> Hearing: December 4, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8 – 4th Floor (San Jose) |

Lead Plaintiff Movant Sidney Woodbury ("Mr. Woodbury" or "Movant") respectfully submits this opposition to the remaining competing lead plaintiff motion of Scott Link ("Mr. Link"). Dkt. Nos. 18. [1]

### BACKGROUND

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts must appoint as lead plaintiff the person with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B). Here, that is Mr. Woodbury.

Mr. Woodbury has triggered the PSLRA's "most adequate plaintiff" presumption. First, Mr. Woodbury has the largest financial interest in this litigation as he unquestionably has the largest loss:

| MOVANT | LOSS | |
|---|---|---|
| 1. Mr. Woodbury | $449,200.00 | Dkt. No. 15-3 |
| 2. Scott Link | $372,211.47 | Dkt. No. 19-3 |

Second, as set forth in his opening papers, Mr. Woodbury has made a *prima facie* showing of adequacy and typicality under Rule 23. *See* Dkt. Nos. 14 and 15-2. Mr. Woodbury has over 50 years of investing experience, a bachelor's degree in business from the University of Oregon, and previously worked in commercial real estate. He lives in Palm Desert, California. *See* Dkt No. 14 at 6.

Finally, the presumption that Mr. Woodbury is the "most adequate plaintiff," *i.e.*, the presumptive leave plaintiff, "may be rebutted only upon proof." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Because the remaining competing movant can offer no proof to rebut the presumption in favor of Mr. Woodbury, the Court should grant Mr. Woodbury's motion in its

---

[1] On November 11, 2025, Anastasia Sytina filed a statement of non-opposition to competing lead plaintiff motions on the basis that she did not have the "largest financial interest" in this litigation. *See* Dkt. No. 25.

entirety and deny the remaining competing lead plaintiff motion. Further, as discussed below, the sole remaining movant, Mr. Link, is inadequate and atypical.

<u>**ARGUMENT**</u>

**I.    MR. WOODBURY SHOULD BE APPOINTED LEAD PLAINTIFF**

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action was appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id*. at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that Mr. Woodbury should be appointed as Lead Plaintiff. Mr. Woodbury has triggered the PSLRA's most adequate plaintiff presumption because he has the largest financial interest. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Woodbury has the largest loss of any movant before the Court. In fact, his loss is nearly 20.7% greater than Mr. Link's loss. *See* Dkt. Nos. 15-3, 19-3, 22-3. Mr. Link's opening papers emphasize the approximate loss he claims to have suffered and raise no other considerations relating to his overall financial interest. *See* Dkt. No. 18, at 5.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the

MEMORANDUM OF LAW OF SIDNEY WOODBURY IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION – Case No. 5:25-CV-07303-PCP

determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy."). Mr. Woodbury satisfies the typicality and adequacy requirements.

Like all purported class members, Mr. Woodbury alleges that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") by publicly disseminating false and misleading statements about Semler Scientific, Inc.'s business ("Semler Scientific" or the "Company"). Mr. Woodbury purchased Semler Scientific securities at artificially inflated prices and was damaged thereby. Dkt. No. 14 at 6. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class's claims. Thus, Movant satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-1137 (C.D. Cal. 1999).

Mr. Woodbury has also demonstrated his adequacy as class representative by submitting a sworn certification affirming his willingness to serve as, and carry out the responsibilities of, class representative. *See* Dkt. No. 15-2. Based on his financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Mr. Woodbury has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

In short, Mr. Woodbury is the presumptive lead plaintiff. No movant has or can rebut this presumption. Mr. Woodbury should be appointed Lead Plaintiff.

## II.    MR. WOODBURY'S SELECTION OF COUNSEL SHOULD BE APPROVED

4

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Mr. Woodbury has selected The Rosen Law Firm, P.A. ("Rosen Law"), the firm that filed this action, as Lead Counsel. Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. Nos. 14 at 7; 15-4. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country and has recovered hundreds of millions of dollars for investors. *Id*.

Additionally, Rosen Law's commitment to the class's interests has been further demonstrated by its diligent investigation into Mr. Link.

Thus, the Court may be assured that by approving Mr. Woodbury's selection of counsel, the members of the class will receive excellent legal representation.

## III.    MR. LINK'S COMPETING MOTION SHOULD BE DENIED

Mr. Woodbury has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

To the extent the Court reaches Mr. Link's motion (it should not), some facts bear noting. Mr. Link provided no details regarding his professional background. *See* Dkt. No. 18, at 7. This may have been for a reason. Searches reveal that Mr. Link was employed at Disciplined Growth Investors, Inc. ("Disciplined Growth").

MEMORANDUM OF LAW OF SIDNEY WOODBURY IN OPPOSITION TO THE COMPETING LEAD
PLAINTIFF MOTION – Case No. 5:25-CV-07303-PCP

Mr. Link filed an employment discrimination lawsuit against Disciplined Growth captioned *Link v. Disciplined Growth Investors, Inc. et al.,* 22-CV-20-6781 (Minn.). In Mr. Link's complaint, attached as Ex. 1 to Declaration of Laurence Rosen in Opposition To Competing Lead Plaintiff Motion ("Rosen Decl.") filed herewith, he claimed that he had a "serious mental impairment" which "deteriorated to the point where he was unable to work." Rosen Decl., Ex. Exhibit 1, at 8.  Mr. Link has not provided any information regarding his present ability to oversee counsel in this litigation in light of his struggles and inability to work.

In response to Mr. Link's lawsuit, Disciplined Growth made a number of disturbing allegations.  *See* Rosen Decl., Ex. 2.  According to Disciplined Growth, Mr. Link's investing performance was not good—losing $56 million while a colleague made $274 million over the same period. *Id*. at 2.  Disciplined Growth also explained that Mr. Link violated an agreement by "***sharing with his sister and former girlfriend highly confidential information, including confidential client information***." (Emphasis added).  Further, Mr. Link's "[work-issued] equipment was used to access highly inappropriate sexual websites, and [to] send a client a sexually explicit photograph."[2] *Id.*  The company stated that "[Mr. Link] resigned as [Disciplined Growth] began to learn of this information."

While counsel for Mr. Woodbury are sympathetic to Mr. Link's mental health struggles, the above information regarding his mental health and alleged personal misconduct should have been disclosed. *See Sneed v. AcelRx Pharmaceutical, Inc.* 2021 WL 5964596, at *4 (holding that a movant's past "offenses alone may not have resulted in finding him inadequate[,] but denying

---

[2] If the Court reaches Mr. Link's motion, Mr. Woodbury requests limited discovery regarding Mr. Link's background and alleged misconduct, as it appears that some of the filings in Mr. Link's lawsuit against Disciplined Growth were filed under seal or are redacted. The PSLRA allows for "discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iv). Courts allow for limited discovery where there are "serious questions concerning [a movant's] adequacy and typicality." *Coan v. B Riley Fin., Inc.,* 2024 WL 5301847, at *4 (C.D. Cal. Aug. 8, 2024); *Averza v. Super Micro Computer, Inc.*, 2024 WL 5112222, at *5 (N.D. Cal. Dec. 12, 2024) (ordering limited discovery where there were "serious questions about . . . how [movant] would oversee this litigation if appointed as lead plaintiff").

MEMORANDUM OF LAW OF SIDNEY WOODBURY IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION – Case No. 5:25-CV-07303-PCP

that movant's motion due to "serious concerns about [the movant's] candor to his attorney and this Court regarding his misconduct[.]")

## CONCLUSION

For the foregoing reasons, Mr. Woodbury's motion should be granted in its entirety and the competing motions should be denied.

Dated: November 12, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
Pronouns: he/him/his
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com

*Additional Counsel for Movant*

MEMORANDUM OF LAW OF SIDNEY WOODBURY IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION – Case No. 5:25-CV-07303-PCP

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On November 12, 2025, I electronically filed the following **MEMORANDUM OF LAW OF SIDNEY WOODBURY IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.


Executed on November 12, 2025.


/s/Laurence M. Rosen
Laurence M. Rosen

MEMORANDUM OF LAW OF SIDNEY WOODBURY IN OPPOSITION TO THE COMPETING LEAD
PLAINTIFF MOTION – Case No. 5:25-CV-07303-PCP