Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Scott Link and
Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| RAVI KRISHNAMOORTHY, Individually and on behalf of all others similarly situated, | Case No. 5:25-cv-07303-PCP |
| Plaintiff, | **SCOTT LINK'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| v. | |
| SEMLER SCIENTIFIC, INC., DOUGLAS MURPHY-CHUTORIAN, ANDREW B. WEINSTEIN, and RENAE CORMIER, | Date: December 4, 2025
Time: 10:00 a.m.
Crtrm.: 8 – 4th Floor
Judge: P. Casey Pitts |
| Defendants. | |

Lead Plaintiff Movant Scott Link ("Link") respectfully submits this memorandum of law in opposition to the two other motions for appointment as lead plaintiff filed by other putative class members (Dkt. Nos. 14, 22).

## I.   INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): Link (Dkt. No. 18); Sidney Woodbury ("Woodbury") (Dkt. No. 14); and Anastasia Sytina ("Sytina") (Dkt. No. 22). However, on November 11, 2025, Sytina filed a notice informing the Court that she does not oppose the competing motions as she "does not have the 'largest financial interest.'" *See* Dkt. No. 25.

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Courts in this Circuit generally consider four factors to determine financial interest: gross shares purchased during the class period, net shares purchased during the class period, net expenditure during the class period, and financial loss. As demonstrated in Link's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 18) and loss chart (Dkt. No. 19-3), Link purchased 18,000 shares gross and net, for a net expenditure of approximately $1,034,362. These figures are larger than the figures of any other movant.  Link also suffered a last-in-first-out ("LIFO") loss of approximately $372,211, the second largest and just less than that claimed by Woodbury. While Woodbury claims to have a larger loss than Link, he admittedly purchased fewer shares (both gross and net) and has a smaller net expenditure than Link. Since Link prevails under 3 of the 4 factors, Link has the largest financial interest.

SCOTT LINK'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:25-cv-07303-PCP

1

Moreover, while Woodbury claims the largest loss, it appears that the transaction information he submitted is inaccurate or incomplete. Woodbury claims he purchased 12,500 shares at $72.81 per share on November 21, 2024 *in one transaction*. *See* Dkt. No. 15-2. However, it is implausible that an order that size would be executed in one transaction rather than be broken up into many smaller transactions. The fact that Woodbury claims it was one transaction indicates that whatever records he is relying on may be inaccurate or incomplete. To the extent that Woodbury intends to maintain that he has the largest loss, he should submit complete and accurate transaction information, or prove that (while implausible) he did in fact purchase 12,500 shares in one transaction.

Whether or not Woodbury corrects the record, however, Link has the largest financial interest in the relief sought by the class and is therefore the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Because no other movant can rebut this presumption, Link should be appointed as lead plaintiff, and his selection of counsel should be approved.

## II.    ARGUMENT

### A.    The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

SCOTT LINK'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:25-cv-07303-PCP

2

Here, as explained below, Link is the presumptively most adequate plaintiff because he filed a lead plaintiff motion in response to a notice, has a larger financial interest than the competing lead plaintiff movants, and satisfies the requirements of Rule 23. Since no other movant can rebut this presumption, Link should be appointed as lead plaintiff.

**B.    Link Is the Presumptively Most Adequate Plaintiff Because He Has the Largest Financial Interest in the Relief Sought by the Class**

Link satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, he filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 18. Second, he satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 18 at 7-8. Finally, as explained *infra*, Link has the largest financial interest in the relief sought by the class.

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. Courts in this Circuit generally rely on the four-factor *Olsten-Lax* test to determine financial interest, which considers: (1) gross shares purchased; (2) net shares purchased; (3) net funds expended; and (4) approximate losses suffered. *See Melucci v. Corcept Therapeutics Inc.*, No. 19-cv-01372, 2019 WL 4933611, at *3 (N.D. Cal. Oct. 7, 2019). While some courts view financial losses as the most important factor, others consider the second factor, net shares purchased, to be the most important. *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) ("[T]he candidate with the most net shares purchased will normally have the largest potential damage recovery."); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) ("The Court considers [net shares purchased] the most straightforward method for approximation of financial interest in the recovery sought, but considers that it should be supplemented with in/out losses, *i.e.,* losses suffered by selling shares during the class period."); *see also Pio v. Gen. Motors Co.*, 2014 WL 5421230, at *4, *5 (E.D. Mich. Oct. 24, 2014) (since "the fourth factor is heavily dependent on the method applied and numbers chosen to calculate losses,"

"the first three factors provide the most objective measurement of a movant's stake in the litigation").

Link has a larger financial interest than the competing movants because Link purchased the most shares, gross and net, and has the largest net expenditure:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss[1] |
|---|---|---|---|---|
| Link | **18,000** | **18,000** | **$1,034,362** | $372,211 |
| Woodbury | 12,500 | 12,500 | $910,125 | $450,298 |
| Sytina | 6,800 | 6,800 | $451,400 | $201,254 |

The amount of loss is the only axis along which Woodbury can claim a larger financial interest than Link. However, the final factor "does not overcome the combined weight of the first three factors." *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, 2017 WL 6028213, at *3 (N.D. Ohio Dec. 5, 2017) (appointing a movant with a loss of $40,905 over a movant with a loss of $76,311); *Police & Fire Ret. Sys. of Detroit v. SafeNet, Inc.*, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (appointing the movant that prevailed on the first three factors, but not loss).

Moreover, while Woodbury clams a larger loss than Link, it appears the transaction information he submitted is incomplete. Woodbury claims he purchased 12,500 shares for $72.81 per share *in one transaction* on November 21, 2024. *See* Dkt. No. 15-2. Woodbury's claim that this all occurred in one transaction is implausible. Typically an order that size would be broken up into many smaller transactions, potentially at different prices. *See, e.g.*, Dkt. No. 19-2 (Link's Certification, breaking out Link's transactions). That Woodbury's transaction information appears incomplete indicates that whatever records he and his counsel relied on may be incomplete. To the extent that Woodbury seeks to maintain that he has the largest loss, Woodbury should provide complete and accurate transaction information, or provide proof that, though implausible, Woodbury in fact purchased 12,500 shares in a single transaction.

---

[1] The loss figures in this chart are normalized using the same 90-day average price to value losses on retained shares as was used in Link's loss analysis. *See* Dkt. No. 19-3.

Whether Woodbury provides such proof, however, Link has the largest financial interest in the relief sought by the class and is therefore the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C.    The Presumption that Link Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Link would be inadequate or subject to unique defenses. Link has been managing his investments for approximately 25 years and has an MBA in Finance from the University of Texas. As such, Link is a sophisticated individual, more than capable of adequately representing the class. Accordingly, Link should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306 F.3d at 732.

**D.    Link's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). Here, Link has selected Glancy Prongay & Murray LLP as lead counsel for the class. The firm has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 19-4 (firm résumé). By approving Link's selection of counsel, the Court may be assured that the class will receive the highest caliber of legal representation. Accordingly, Link's selection of lead counsel for the class should be approved.

**III.    CONCLUSION**

For the foregoing reasons, Link respectfully requests that the Court enter an Order: (1) appointing Link as Lead Plaintiff; (2) approving Link's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (3) denying the competing motions.

SCOTT LINK'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:25-cv-07303-PCP

5

DATED: November 12, 2025

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:     /s/ Charles H. Linehan

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Scott Link and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

SCOTT LINK'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:25-cv-07303-PCP

6

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On November 12, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 12, 2025, at Los Angeles, California.

/s/ Charles H. Linehan
Charles H. Linehan

SCOTT LINK'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:25-cv-07303-PCP