**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Sidney Woodbury and*
*[Proposed] Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI KRISHNAMOORTHY, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>SEMLER SCIENTIFIC, INC., DOUGLAS MURPHY-CHUTORIAN, ANDREW B. WEINSTEIN, and RENAE CORMIER,<br><br>      Defendants. | Case No. 5:25-CV-07303-PCP<br><br>**REPLY MEMORANDUM OF LAW OF SIDNEY WOODBURY IN (1) FURTHER SUPPORT OF HIS MOTION AND (2) OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION**<br><br><u>CLASS ACTION</u><br><br>Judge: P. Casey Pitts<br>Hearing: December 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8 – 4th Floor (San Jose) |

Lead Plaintiff Movant Sidney Woodbury ("Mr. Woodbury" or "Movant") respectfully submits this reply memorandum of law in further support of his lead plaintiff motion (Dkt. No. 14), and in further opposition to the competing lead plaintiff motion of Scott Link ("Mr. Link"). Dkt. Nos. 18.

**PRELIMINARY STATEMENT**

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant with the "largest financial interest" in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the lead plaintiff process, the court "considers 'potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.'" *Liles v. Soundhound AI, Inc.*, 2025 WL 1937541 at *1 (N.D. Cal. July 14, 2025) (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)

While the PSLRA does not define "financial interest," Mr. Woodbury and Mr. Link were in agreement in their opening briefs that approximate loss is the best measure of financial interest. Dkt. No. 18, at 5, Dkt. No. 14 at 4-5. However, given that Mr. Woodbury clearly has larger losses than Mr. Link, $449,200 vs. $372,211.47, in Opposition Mr. Link improperly moves the goal posts. Mr. Link now argues for the first time that factors such as net shares purchased and net funds expended, should trump approximate loss. *See* Dkt. No. 28 at 3-4. As explained below, courts do not credit shifting financial interest arguments like Mr. Link's. Moreover, the vast majority of courts hold that approximate loss is the best metric for financial interest. Even the minority of courts that consider net shares purchased or net funds expended as determinative, acknowledge that, where, as here, there are multiple corrective disclosures, net shares purchased or net funds expended are not good indicators of financial interest.

Finally, in an effort to rebut presumption in favor of Mr. Woodbury, Mr. Link speculates that Mr. Woodbury's stock purchase is "implausible" because he purchased 12,500 shares of Semler Scientific stock in one trade. In so doing, Mr. Link fails to provide the requisite proof— let alone any facts, data or authority to suggest that Mr. Woodbury would not have been able to

purchase 12,500 shares in one transaction. Simply, such unfounded speculation falls well short of the actual *proof* necessary to rebut the presumption in favor of Mr. Woodbury. 15 U.S.C. § 78-u-4(a)(3)(B)(iii)(II).

Mr. Woodbury's motion should be granted. Mr. Link's motion should be denied.

## ARGUMENT

## I.   THE COURT SHOULD REJECT MR. LINK'S NEW ARGUMENTS REGARDING FINANCIAL INTEREST

Mr. Woodbury and Mr. Link agreed in their opening papers that approximate loss is determinative of financial interest. Dkt. No. 18, at 5, Dkt. No. 14, at 4-5. This comes as no surprise as the vast majority of Courts hold that approximate loss is most determinative. *See Richardson*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007); *Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814 at *6 (N.D. Cal. Feb. 15, 2011); *Peters v. Twist Bioscience Corporation*, 2023 WL 4849431 at *3 (N.D. Cal. July 28, 2023); *Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *2 (N.D. Cal. Apr. 18, 2022); *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016)); *Stephens v. Maplebear Inc.*, 2024 WL 3262617 at *3 (N.D. Cal. July 1, 2024). The purpose of the PSLRA's "largest financial interest" criterion is to ensure the appointment of an investor with sufficiently "significant *losses* [to] provide it with the incentive to actively represent the class in obtaining a recovery." *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001). (Emphasis added).

After seeing that Mr. Woodbury has a greater loss, in opposition Mr. Link tries to change the goalposts. Mr. Link urges the Court to elevate the other *Olsten-Lax* factors such as net funds expended, shares purchased, and shares retained, over loss. Dkt. No. 28, at 3. Courts generally do not credit a competing movant's change in financial interest methodology. Courts reject a prior movant's similar attempts to initially argue that loss is decisive, and then to switch to other *Olsten-Lax* factors upon the movant's realization that it did not have the largest loss. *See Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4-5 (N.D. Cal. Mar. 4, 2013) (explaining that courts emphasize approximate loss, and denying motion by movant who "[t]ellingly . . . made no reference to net shares purchased or a retained shares calculation in its opening motion seeking

3

appointment as lead plaintiff, shifting its argument only ***after*** [a competing movant] came forward with larger LIFO losses.") (emphasis added); *see also Bodri,* 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) ("Only after the parties filed their opening briefs, and the parties were made aware of how their respective motions would fair under this methodology [emphasizing competing losses], did the [movant] argue that the more appropriate measure of greatest financial stake was the 'retained shares' methodology. [. . .] This fact alone counsels in favor of adopting the LIFO methodology [comparing losses], as opposed to the retained shares methodology."); *Twitchell v. Enovix Corp.*, 2023 WL 3170044, at *9 (N.D. Cal. Apr. 28, 2023) (using calculations in opening briefs and explaining: "[o]ther courts in this district have looked with disapproval on movants who present different loss calculations in their subsequent briefing from what they presented in their motions.") (citing cases); *Peters*, 2023 WL 4849431 at *4 (N.D. Cal. July 28, 2023) ("District courts across the country have uniformly disapproved of such gamesmanship in PSLRA lead plaintiff motions, whereby movants revise their loss analysis after seeing what other competing movants have submitted") (citing cases); *Cook v. Allergan PLC*, 2019 WL 1510894, at *3 (S.D.N.Y. Mar. 21, 2019) (denying motion where movant "used the same methodology as [competing movant] in its original moving papers—only to alter its calculation when it learned that someone else had a larger loss."). It has been explained that a "main [concern]" underlying enforcement of the PSLRA's 60-deadline is that "unscrupulous litigants should not be permitted to manipulate their financial loss calculation after reviewing timely-filed motions." *Ferreira v. Funko, Inc.* 2020 WL 3246328, at *4 (C.D. Cal. June 11, 2020).

Additionally, even the minority of courts that have considered net funds expended or net shares purchased to be determinative, have only done so in one corrective disclosure cases. In cases, like this one, where there is more than one corrective disclosure, net funds expended or net shares purchased are not useful. *Melucci v. Corcept Therapeutics Inc.*, 2019 WL 4933611, at *3-4 (N.D. Cal. Oct. 7, 2019); *Nicolow*, 2013 WL 792642 at *4 (N.D. Cal. Mar. 4, 2023).

In short, Mr. Woodbury has the largest financial interest because his losses are larger than Mr. Link's. Mr. Woodbury, as explained in his opening papers, made a *prima facie* showing of

adequacy and typicality. Dkt. No. 14 at 5-6. Therefore, Mr. Woodbury is the presumptive lead plaintiff. 15 U.S.C. § 78-u-4(a)(3)(B)(iii)(I).

## II.    MR. LINK DOES NOT REBUT THE PRESUMPTION IN FAVOR OF MR. WOODBURY

Once the lead plaintiff presumption is established, "it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Further, "[t]he PSLRA requires 'proof' to overcome the presumption entitling the plaintiff with the largest financial interest in the litigation to appointment as lead plaintiff; *speculative assertions are insufficient*." *Doherty*, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) (internal citations omitted). "Absent proof that the lead plaintiff candidate does not satisfy the requirements of Rule 23, said candidate is 'entitled to lead plaintiff status.'" *In re Solar City Corporation Securities Litigation*, 2017 WL 36274, at *6 (N.D. Cal. Jan. 25, 2017) (internal citation omitted).

Mr. Link's speculation that it is "implausible" that an order of 12,500 shares would be executed in one transaction, and that an order "of that size would be broken up into many smaller transactions, potentially at different prices" is nonsense. Dkt. No. 28 at 2, 4. Mr. Link cites no evidence, no facts, and no authority to support his speculation that Mr. Woodbury did not or could not have bought 12,500 shares in one trade. *See generally* Dkt. No. 28 at 2, 4. If Mr. Link's argument had any merit, than it follows that Mr. Woodbury could speculate about the volume of Mr. Link's trades and whether he actually made them, and similarly argue with no basis that Mr. Link should provide trade confirmations.

Mr. Link is attempting to obtain discovery from Mr. Woodbury without making the requisite showing of good cause under the PSLRA—which he cannot. As Mr. Woodbury explained in his opposition brief, courts allow discovery where there are "serious questions concerning [a movant's] adequacy and typicality." Dkt. No. 26, at 6, fn. 2. That is not the case here, as Mr. Link provided no evidence or proof to support his baseless assertion. In any event,

Counsel has conferred with Mr. Woodbury and confirmed that he purchased 12,500 shares on November 21, 2024.[1]

In sum, Mr. Link has failed to rebut the lead plaintiff presumption in favor of Mr. Woodbury with any proof, and therefore Mr. Woodbury's Lead Plaintiff motion should be granted and Mr. Link's motion should be denied.

## CONCLUSION

For the foregoing reasons, Mr. Woodbury's motion should be granted in its entirety and the competing motions should be denied.

Dated: November 19, 2025               Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
Pronouns: he/him/his
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com

*Additional Counsel for Movant*

---

[1] If the Court would like to see documentation of Mr. Woodbury's trade, counsel would be happy to provide it to the Court in camera, provided that Mr. Link does the same with his transactions.

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On November 19, 2025, I electronically filed the following **REPLY MEMORANDUM OF LAW OF SIDNEY WOODBURY IN (1) FURTHER SUPPORT OF HIS MOTION AND (2) OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.


Executed on November 19, 2025.


/s/Laurence M. Rosen
Laurence M. Rosen

REPLY MEMORANDUM OF LAW – Case No. 5:25-CV-07303-PCP